# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Sonia Foggie, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Huntington Asset Management, Corp. ; , | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Sonia Foggie, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sonia Foggie ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Huntington Asset Management, Corp. ("Huntington"), is a New York business entity with an address of 1053 Ellicott Square, 295 Main Street, Buffalo, NY 14203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The "Collectors" are individual collectors employed by Huntington and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Huntington at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Huntington for collection, or Huntington was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Huntington Engages in Harassment and Abusive Tactics

12. During the month of October, 2010 Huntington contacted a third party, Plaintiff's grandmother, without Plaintiff's permission and discussed the Debt.

13. Huntington informed Plaintiff's grandmother that Plaintiff owed the Debt and that Plaintiff wrote a "bad check."

14. During the month of October, 2010Huntington contacted Plaintiff's friend, a third party, on several occasions with regard to the Debt.

15. Huntington informed Plaintiff's friend that Plaintiff would be arrested for nonpayment of the Debt.

16. Huntington told Plaintiff that they are "sending a car to come and arrest you" in an attempt to collect the Debt.

17. Huntington has repeatedly threatened to take legal action against Plaintiff. No such action has been taken to date.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

23. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

24. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the Debt was not paid.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(7) in that Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

4

29.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

34.     The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

35.     The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

36.     The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

37.     The Defendant's conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

38. The Defendant's conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendant unreasonably publicized information regarding a consumer's debt by communicating with a person other than the Plaintiff or his attorney.

39. The Defendant's conduct violated N.C. Gen.Stat. § 75-54 in that Defendant collected or attempted to collect a debt or obtain information concerning the Plaintiff by a fraudulent, deceptive or misleading representation.

40. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendant falsely represented the character, extent, or amount of a debt against the Plaintiff.

41. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant attempted to collect a debt by use of unconscionable means.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

46. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

47. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50. The Defendant intentionally intruded upon Plaintiff's right to privacy by disclosing information about the Debt to third parties.

51. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

52. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2011

                               Respectfully submitted,

                               By  /s/ Stacie Watson

                               Stacie Watson, Esq.
                               Bar Number 23890
                               Law Office of Stacie Watson.
                               P.O. Box 1412
                               Apex, North Carolina 27502
                               Telephone: (919) 522-6128

Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237